578 So.2d 742 (1991)
Carolyn COLLINS, et al., Appellants,
v.
Kelly Jane WILCOTT, et al., Appellees.
No. 90-845.
District Court of Appeal of Florida, Fifth District.
March 21, 1991.
Rehearing Denied May 3, 1991.
*743 David Beers of Beers & Glatt, Orlando, for appellants.
Alan J. Landerman of Parker, Johnson, Owen, McGuire, Michaud & Hadley, P.A., Orlando, for appellees.
W. SHARP, Judge.
Carolyn and Guy Collins, individually and for the use and benefit of Great American Insurance Company (Great American), appeal from a final summary judgment in favor of William and Kelly Wilcott, defendants below. Carolyn Collins was injured in an automobile accident involving the Wilcotts' car and a phantom pickup truck. Great American, the Collinses' insurance carrier, paid the Collinses in full for their uninsured motorist claim on behalf of the phantom joint tort-feasor and received an assignment of their claim against the Wilcotts and others. However, the trial court ruled that Great American was not legally entitled to be subrogated to the Collinses' rights because it had not extinguished all claims the Collinses had against the other joint tort-feasor, the Wilcotts. We disagree and reverse.
This case arises from a two-car collision allegedly partially caused by a phantom pickup truck. Carolyn Collins was severely injured when the Wilcott vehicle swerved into the Collinses' car in an attempt to avoid the truck. The Collinses filed suit against the Wilcotts.[1] They also filed an uninsured motorist claim against their own carrier, Great American, for injuries caused by the negligence of the phantom vehicle. The Collinses' theory is that they were injured by the negligence of joint tort-feasors.
The Collinses entered into a settlement agreement with Great American. Great American paid the policy limits on the uninsured motorist claim ($150,000) in exchange for a trust subrogation receipt and trust agreement releasing Great American from all claims under the uninsured motorist coverage of the policy. Carolyn Collins further agreed:
[T]o hold in trust for the benefit of the COMPANY all rights, claims and causes of action which I have or may have against the persons or organization legally responsible in whole or in part for the injuries and damages arising from this accident, subject to the terms and conditions set forth in the correspondence of July 6, 1988, attached hereto.
CAROLYN COLLINS will take through the representative designated by the Company, such action in her own name as is requested by the COMPANY to recover damages from the person or persons or right at its election to employ an attorney of my choice to represent me in any action to be taken in my name.
Any monies recovered as a result of judgment, settlement or otherwise, whether obtained as a result of action requested by the COMPANY or not, will be paid to the COMPANY provided, however any sum recovered in excess of $150,000.00 shall be retained by me and I hereby covenant and agree that from said monies to be paid to me, we will pay a proportionate share there from of the costs, expenses and attorney's fees incurred in the action taken for the recovery of said monies, subject to the terms and conditions set forth in the correspondence of the [sic] July 6, 1989, attached hereto.
In reliance on the agreement, Great American filed this action against the Wilcotts captioned "CAROLYN COLLINS and GUY COLLINS, individually and for the use and benefit of GREAT AMERICAN INSURANCE COMPANY." The Collinses also filed an action in their own name. The cases were consolidated. The Wilcotts moved for summary judgment and argued that Great American's right to subrogation did not arise because Great American, by leaving open the Collinses' right to pursue their claims against the Wilcotts, did not pay the full extent of the Collinses' injuries. This appears to be a case of first impression in this state.
We think the trial court erred in this case by failing to recognize that Great American *744 is neither a tort-feasor nor an insurer thereof. Rather, here, Great American is the insurer of the injured party and having paid the uninsured motorist claim under its policy with the insureds, is now asserting its right of subrogation against a tort-feasor. See International Sales-Rentals Leasing Co. v. Nearhoof, 263 So.2d 569 (Fla. 1972). The fact that Great American paid the uninsured motorist claim based on the negligence of the phantom tort-feasor does not make Great American an insurer of the phantom tort-feasor.
Accordingly, the cases cited by the trial court as authority for granting the summary judgment motion, Florida Patients Compensation Fund v. St. Paul Fire and Marine Insurance Company, 559 So.2d 195 (Fla. 1990), Cleary Brothers Construction v. Upper Keys Marine Construction, Inc., 526 So.2d 116 (Fla. 3d DCA), rev. denied, 534 So.2d 402 (Fla. 1988) and Munson & Associates, Inc. v. Doctors Mercy Hospital, 458 So.2d 789 (Fla. 5th DCA 1984), are inapplicable. Cleary was an action for indemnification, not a subrogation claim as in the instant case. Munson and Florida Patients involved an attempt by the initial tort-feasors to cross-claim against the subsequent tort-feasors on the grounds of equitable subrogation where the initial tort-feasor settled with the plaintiff only for its own liability. Because the right of subrogation does not exist until one tort-feasor has completely discharged the obligation of all tort-feasors, the courts held the initial tort-feasors could not pursue subrogation. None of these cases involved the subrogation rights of the plaintiff's uninsured motorist carrier.
An insurer is entitled to be subrogated to any right of action which the insured has against the tort-feasor. Schwab v. Town of Davie, 492 So.2d 708 (Fla. 4th DCA 1986). Generally, where the insurer has paid the full amount required by the insurance contract, but the insured's actual loss exceeds the total amount recovered from the insurer and the tort-feasor, the insurer's subrogation rights cannot be enforced because the insured has not been made whole. Government Employees Insurance Company v. Shelly, 347 So.2d 124 (Fla. 4th DCA), cert. denied, 354 So.2d 981 (Fla. 1977); Couch on Insurance 2d (Rev. ed) §§ 61:44, 61:46, 61:64. An exception to this general principle occurs when the insured and the insurer enter into a settlement agreement providing otherwise. In the instant case, it remains for the trier of fact to determine the amount of the Collinses' damages. Under the terms of the settlement agreement, the amount Great American is entitled to recover, if any, depends on the amount of damages awarded the Collinses.
Final summary judgment is reversed and the cause is remanded for further proceedings.
REVERSED and REMANDED.
HARRIS and DIAMANTIS, JJ., concur.
NOTES
[1] The Collinses voluntarily dismissed this suit without prejudice.