HENRY HARPER, ET AL.

V.

VIRGINIA DEPARTMENT OF TAXATION

Record No. 900770

LAWRENCE E. LEWY, ET AL.

V.

VIRGINIA DEPARTMENT OF TAXATION

Record No. 900792

November 8, 1991

Present: All the Justices

*Joseph B. Hyman (Lawrence E. Lewy,* on briefs), for appellants. (Record No. 900770)

*Michael J. Kator (George J. Rabil; Stephen A. Bryant; W. Lester Duty; Mary Leslie Duty; Gregory S. Hooe; Kator, Scott & Heller,* on briefs), for appellants. (Record No. 900792)

*Gail Starling. Marshall, Deputy Attorney General (Mary Sue Terry, Attorney General; H. Lane Kneedler, Chief Deputy Attorney General; Barbara M. Rose, Senior Assistant Attorney General; Gregory E. Lucyk, Senior Assistant Attorney General; Barbara H. Vann, Assistant Attorney General,* on brief), for appellee. (Record Nos. 900770 and 900792)

*Amicus Curiae:* Virginia Association of Counties (C. Flippo Hicks; Martin, Hicks & Ingles, on brief), for appellee. (Record No. 900770)

JUSTICE STEPHENSON delivered the opinion of the Court.

These cases are before us again, having been remanded for our further consideration from the Supreme Court of the United States, ____ U.S. ____, 111 S.Ct. 2883 (1991).

In *Davis* v. *Michigan Dept. of Treasury*, 489 U.S. 803 (1989), the Supreme Court decided that state taxation of pension income of retired federal government employees, while exempting from taxation pension income of retired state government employees, violated the doctrine of intergovernmental tax immunity embodied in the supremacy clause of the Constitution of the United States. The appellants in the present case (collectively, Harper) filed suits for tax refunds pursuant to Code § 58.1-1826, claiming that the Commonwealth unconstitutionally taxed their federal retirement incomes and that state law requires the refund of those taxes collected during the three-year period preceding the *Davis* decision.

On March 1, 1991, we held that the *Davis* decision is not to be applied retroactively, and accordingly, Harper was not entitled to a refund. *Harper* v. *Virginia Department of Taxation*, 241 Va. 232, 401 S.E.2d 868 (1991). In so doing, we applied the three-pronged test announced in *Chevron Oil Co.* v. *Huson*, 404 U.S. 97 (1971). On June 28, 1991, the Supreme Court vacated our March 1, 1991 decision and remanded these cases to us "for further consideration in light of *James B. Beam Distilling Co.* v. *Georgia*, 501 U.S. ____, 111 S.Ct. 2439 (1991)."

■ The Georgia taxing statute at issue in *Beam* imposed an excise tax on imported alcohol and distilled spirits at a rate double that imposed on alcohol and distilled spirits manufactured from products grown in Georgia. After the decision in *Bacchus Imports, Ltd.* v. *Dias*, 468 U.S. 263 (1984), in which the Supreme Court held that a Hawaii taxing statute that distinguished between alcoholic products imported from other states and locally manufactured alcoholic products violated the commerce clause of the Federal Constitution, James B. Beam Distilling Company, a Delaware corporation and Kentucky bourbon manufacturer, brought suit in a Georgia trial court, claiming that the Georgia statute likewise was violative of the commerce clause. The distil-

ling company sought a full refund of the taxes paid for the taxable years 1982, 1983, and 1984. Relying upon *Bacchus*, the Supreme Court of Georgia held that the Georgia statute was unconstitutional. The Georgia court, however, refused to apply its ruling retroactively, thereby denying the requested refund. In so doing, the court applied the *Chevron Oil* test. *Beam*, 501 U.S. at \_\_\_\_, 111 S.Ct. at 2442.

■ The question presented in *Beam* was whether the new rule of law announced in *Bacchus* "should apply retroactively to claims arising on facts antedating that decision." *Id.* at \_\_\_\_, 111 S.Ct. at 2441. The Supreme Court reversed the Georgia court's judgment and remanded the case for further proceedings. *Id.* at \_\_\_\_, 111 S.Ct. at 2448.

■ The plurality opinion in *Beam* was authored by Justice Souter and joined by Justice Stevens. Justice Souter concluded that *Beam* involved retroactivity as a choice-of-law issue rather than as a remedial issue. *Id.* at \_\_\_\_, 111 S.Ct. at 2443. Justice Souter then set forth three possible solutions to the choice-of-law problem. First, a decision announcing a new rule of law may be made fully retroactive by applying the new rule both to the parties before the court and to all others by and against whom claims are made without regard to when such claims arise. Second, such a decision may be made purely prospective by applying the new rule of law only to cases arising on facts postdating the pronouncement. Third, the new rule could be applied to the parties before the court and the old rule could be applied to all other cases arising on facts predating the decision. *Id.* at \_\_\_\_, 111 S.Ct. at 2443-44. This third possibility, called "modified, or selective, prospectivity," was abandoned in the criminal context in *Griffith* v. *Kentucky*, 479 U.S. 314, 328 (1987). *Beam*, 501 U.S. at \_\_\_\_, 111 S.Ct. at 2444-45. Justice Souter rejects this concept in the civil context. *Id.* at \_\_\_\_, 111 S.Ct. at 2447.

■ After concluding that the Supreme Court in *Bacchus* had applied its new rule to the litigants there before the court, Justice Souter stated the following:

> Thus, the question is whether it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so. We hold that it is, principles of equality and *stare decisis* here prevailing over any claim based on a *Chevron Oil* analysis.

*Id.* at ____, 111 S.Ct. at 2446.

██ The present case, however, is distinguishable from *Beam.* Although the Supreme Court in *Bacchus* applied its rule retroactively to the litigants in that case, the Court made no such ruling in *Davis.* Indeed, the issue of retroactivity was not considered by the Supreme Court in *Davis* because Michigan previously had agreed to the payment of a refund to Davis if its taxing scheme were invalidated. 489 U.S. at 817.

██ In order for a case to be precedent for another case, the court in the first case must have decided the issue presented in the second case. *United States* v. *L.A. Tucker Truck Lines*, 344 U.S. 33, 37-38 (1952); *United States* v. *Mitchell*, 271 U.S. 9, 14 (1926); *Webster* v. *Fall*, 266 U.S. 507, 511 (1925). Therefore, because the retroactivity issue was not decided in *Davis*, we are not foreclosed by precedent from applying the three-pronged *Chevron Oil* test in deciding the retroactivity issue in the present case.* *Accord Swanson* v. *North Carolina*, 329 N.C. 576, 586, 407 S.E.2d 791, 796 (1991).

██ Moreover, as Justice Souter stated in Part IV of the plurality opinion, the grounds for the *Beam* decision are narrow. 501 U.S. at ____, 111 S.Ct. at 2448. "[The grounds] are confined entirely to an issue of choice of law: when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." *Id.* at ____, 111 S.Ct. at 2448.

██ *Beam* is important not only for what it decided but also for what it did not decide. As Justice Souter wrote:

> We do not speculate as to the bounds or propriety of pure prospectivity.
>
> Nor do we speculate about the remedy that may be appropriate in this case; remedial issues were neither considered below nor argued to this Court . . . . Nothing we say here deprives respondent of his opportunity to raise procedural bars to recovery under state law or demonstrate reliance interests entitled to consideration in determining the nature of the remedy that must be provided . . . .

---

* Furthermore, we do not read *Beam* as rejecting the *Chevron Oil* test. Four Justices clearly embrace the test's application in determining retroactivity. Two Justices reject the test, but only in its application to the choice-of-law issue. Only three Justices completely reject the test.

*Id.* at ____, 111 S.Ct. at 2448 (citations omitted).

Consequently, having reconsidered our March 1, 1991 decision in light of *Beam*, we conclude that nothing articulated in *Beam* requires a result different from that reached in our prior decision. Accordingly, we reaffirm our prior decision in all respects.

*Affirmed.*