Wendell E. BRUMLEY, et al., Plaintiffs,
Appellees, and Cross–Appellants,

v.

UTAH STATE TAX COMMISSION,
et al., Defendants, Appellant,
and Cross–Appellee.

No. 910242.

Supreme Court of Utah.

Sept. 2, 1993.

Opinion on Denial of Rehearing
Jan. 13, 1994.

Jack C. Helgesen, Richard W. Jones, Ogden, for Brumley.

R. Paul Van Dam, Atty. Gen., Leon A. Dever, Brian L. Tarbet, John C. McCarrey, Asst. Attys. Gen., Salt Lake City, for Tax Com'n.

Jan Graham, Atty. Gen., Carol Clawson, Sol. Gen., Reed Richards, Asst. Atty. Gen., for amicus Governor Michael O. Leavitt.

HOWE, Associate Chief Justice:

We granted this interlocutory appeal to review (1) a partial summary judgment which ordered defendant Utah State Tax Commission to refund to all qualified persons and estates of deceased persons all Utah state income tax paid by them on retirement income from federal sources for the tax years of 1985, 1986, 1987, and 1988, together with interest, court costs, and attorney fees, and (2) the dismissal of plaintiffs' civil rights action.

On March 28, 1989, the United States Supreme Court in *Davis v. Michigan Department of Treasury*, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989), held that the constitutional doctrine of intergovernmental tax immunity embodied in 4 U.S.C. § 111 required that the state of Michigan treat federal and state retirement income the same for state income tax purposes. Prior to that decision, Michigan, as well as many other states including Utah, allowed a tax exemption for state retirement income but not for federal retirement income. Shortly after that decision was announced, plaintiffs filed this action for a declaratory judgment in the district court against the State of Utah, the Tax Commission, its commissioners, and its director, seeking a refund of all taxes paid on retirement income received from federal sources for the tax years 1984 to and including 1988. On plaintiffs' motion, the court entered an order certifying a class consisting of all federal retirees and estates of deceased persons who paid Utah State income tax on federal retirement income for those years. Plaintiffs estimate that the class consists of approximately 34,000 individuals and/or es-

tates. One of the Commission's principal defenses was that the decision in *Davis* should not be applied retroactively to any tax year prior to 1989. Both plaintiffs and the Commission moved for summary judgment. The district court denied the Commission's motion and granted plaintiffs a partial summary judgment, ordering that the Commission refund state income tax paid by qualified plaintiffs on retirement income from federal sources for the years 1985 to 1988 inclusive. The Commission appeals.

Subsequent to the briefing and oral argument of this appeal, the United States Supreme Court granted certiorari in the case of *Harper v. Virginia Department of Taxation,* 242 Va. 322, 410 S.E.2d 629 (1991), *cert. granted,* —— U.S. ——, 112 S.Ct. 1934, 118 L.Ed.2d 541 (1992), to determine whether its decision in *Davis* should be applied retroactively. Consequently, we have held the instant appeal under advisement pending the issuance of a decision in *Harper.* That decision was rendered on June 18, 1993, —— U.S. ——, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), the Court holding that its decision in *Davis* is to be applied retroactively. The *Harper* decision moots one of the Commission's principal defenses. However, other defenses to the issuance of refunds to plaintiffs have been raised, and we will proceed to examine them.

### OVERLY BROAD CLASS

■ The Commission contends that the class certified by the district court is overly broad. The Commission supports this contention by first arguing that the class should consist only of persons who paid their income taxes for the years in question under protest as provided for in Utah Code Ann. § 59–1–301 (1992) and brought suit for partial refunds of taxes paid under protest within six months thereafter as provided for in section 78–12–31. There is no merit to this contention. Section 59–10–529, contained in our individual income tax act, provides for the refund of any "overpayment" of income taxes upon the filing of an amended return or claim within three years of the due date of the return. That section, rather than the general provisions for the payment of taxes under

protest relied upon by Commission, is controlling here.

The Utah Individual Income Tax Act of 1973, Utah Code Ann. §§ 59–10–101 to –702 (1992), incorporates by reference federal income tax law and procedure into Utah income tax law. Section 59–10–529 was patterned after federal tax law and provides for a refund of overpayments. The federal definition of the word "overpayment" was at issue in *Jones v. Liberty Glass Co.,* 332 U.S. 524, 68 S.Ct. 229, 92 L.Ed. 142 (1947), when a taxpayer brought suit to recover a payment of income tax alleged to have been illegally assessed. The United States Supreme Court defined tax "overpayment" to include those tax payments made as a result of error in law. The court wrote:

> Hence we read the word "overpayment" in its usual sense, as meaning any payment in excess of that which is properly due. Such an excess payment may be traced to an error in mathematics or in judgment or in interpretation of facts or law. And the error may be committed by the taxpayer or by the revenue agents. Whatever the reason, the payment of more than is rightfully due is what characterizes an overpayment.

*Id.* at 531, 68 S.Ct. at 233. Two defendant commissioners in their depositions concurred in that definition. Moreover, after the decision in *Davis* was announced, the legislature extended for an additional year (to April 16, 1990) the three-year limit for filing for refunds for the 1985 tax year. 1990 Utah Laws ch. 21, §§ 1–3 (effective February 21, 1990). Indeed, the Commission designed and circulated a special simplified claim form to be used by federal retirees to protect their rights in the event that it was eventually determined that Utah must refund taxes paid on their federal retirement income.

■ The Commission next contends that the class certified should not have included federal military retirees as distinguished from federal civilian retirees. The Commission argues that retired military personnel receive current compensation for reduced services rather than deferred compensation for past services as is the case with civilian retirees. Thus, the Commission asserts that

the *Davis* decision does not apply to retirement income received by military retirees since there is a significant difference in the nature of the retirement income received by the two types of retirees.

This contention was fully answered by the United States Supreme Court in its decision in *Barker v. Kansas,* 503 U.S. ——, 112 S.Ct. 1619, 118 L.Ed.2d 243 (1992), which was decided shortly after the briefing and oral argument in the instant case. *Barker* held that there are no significant differences between military retirees and state and local government retirees in terms of calculating retirement benefits and thus military retirees are entitled to the benefit of the Court's decision in *Davis.*

Finally, the Commission complains that the class certified is defective because it includes taxpayers who have claims for the 1984 tax year. Plaintiffs have conceded that those persons cannot prevail, and in the partial summary judgment, the Commission was not ordered to pay refunds for 1984 but only for 1985 to 1988 inclusive. On remand of this case to the district court, the class should be accordingly amended.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

■ The Commission contends that the district court erred in denying its motion to dismiss plaintiffs' complaint because plaintiffs had not exhausted their administrative remedies. The court's denial was grounded on findings that (1) "requiring the plaintiffs to exhaust administrative remedies would result in irreparable harm disproportionate to the public benefit derived from requiring exhaustion," Utah Code Ann. § 63–46b–14(2)(b)(ii) (1989), (2) there was no means to certify a class before the Commission, and (3) the Commission had preliminarily decided that *Davis* did not mandate refunds to plaintiffs. We find no error. Plaintiffs' demands upon the Commission raised several legal issues, namely, whether the rule announced in *Davis* should be applied retroactively and whether plaintiffs were required to have paid their taxes under protest and to have brought their actions for refund within six months thereafter in the district court. These legal questions could not have been finally determined by the Commission in an administrative proceeding. Therefore, it was appropriate for plaintiffs to file their action for a declaratory judgment in the district court to obtain rulings on the legal questions. *IML Freight v. Ottosen,* 538 P.2d 296 (Utah 1975); *Walker Bank & Trust Co. v. Taylor,* 15 Utah 2d 234, 390 P.2d 592 (1964). See also *Clayton v. Bennett,* 5 Utah 2d 152, 298 P.2d 531 (1956), and *Crystal Car Line v. State Tax Commission,* 110 Utah 426, 174 P.2d 984 (1946), for additional examples of declaratory judgment actions brought to determine legal questions arising out of administrative proceedings.

We recognize that in *Johnson v. Utah State Retirement Office,* 621 P.2d 1234, 1237 (Utah 1980), we stated that the mere introduction of a constitutional issue does not obviate the need for exhaustion of administrative remedies. The decision on other issues raised in the administrative proceeding might render the constitutional question moot, and thus the administrative remedy should be pursued. That scenario was not a realistic possibility in the instant case. The legal questions involved are threshold questions, and their determination could not have been avoided by any turn the case might have taken in the Commission. Nor is this case like *Union Pacific Railroad v. Structural Steel & Forge Co.,* 9 Utah 2d 318, 344 P.2d 157 (1959), where we stated that "in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, the agencies created by the legislative branch for regulating the subject matter should first be heard." *Id.* at 320, 344 P.2d at 158.

The district court, after deciding the legal issues and concluding that refunds should be paid to class members, properly left to the Commission the responsibility of making the factual determinations as to whether each class member has timely filed an amended return or a claim and whether each member has paid state income tax on federal retirement income for the years in question. This leaves the Commission with the duty to challenge, audit, and review amended returns and claims through its administrative process. Thus, the district court has not interfered with the core prerogatives of the Commission.

## CIVIL RIGHTS ACTION

Plaintiffs cross-appeal, contending that the district court erred in dismissing their 42 U.S.C. § 1983 civil rights action. In their

complaint, plaintiffs allege that their civil rights were violated between March 28, 1989, when *Davis* was decided, and April 17, 1989, which was the deadline for filing 1988 Utah individual income tax returns. It is alleged that during this period, defendant commissioners and director (1) failed to inform plaintiffs that no taxes would be due or collected on income they received from federal retirement sources during 1988, and (2) publicly announced that *Davis* had no application in Utah, that Utah's taxation scheme did not violate 4 U.S.C. § 111, and that plaintiffs need not file a claim for refund for the 1985 tax year by April 17, 1989. The district court dismissed the action on the ground that defendant officers enjoyed a qualified immunity.

Plaintiffs concede that the state is not a "person" under section 1983 and is not subject to a state court claim for damages in a section 1983 action. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). Further, plaintiffs acknowledge that the *Will* court held that a suit against state officials in their official capacities is really a suit against the officials' offices and is no different from a suit against the state itself. However, plaintiffs argue that the state officials can be sued in their individual capacities and that under the circumstances presented by the instant case, the officials enjoy no qualified immunity.

■ We will assume for the purposes of this case that 4 U.S.C. § 111 confers on plaintiffs a right the violation of which would be actionable against the state officials in their individual capacities but for the imposition of qualified immunity. *But see Wright v. Roanoke Redev. & Housing,* 479 U.S. 418, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987); *Segundo v. City of Rancho Mirage,* 813 F.2d 1387, 1394 (9th Cir.1987). State officials sued in their personal capacities may assert personal immunity defenses such as "objectively reasonable reliance on existing law." *Hafer v. Melo,* —— U.S. ——, ——, 112 S.Ct. 358, 361, 116 L.Ed.2d 301 (1991) (citing *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). Except under extraordinary circumstances, liability will not attach

for executing the statutory duties one was appointed to perform. *Lemon v. Kurtzman,* 411 U.S. 192, 207–09, 93 S.Ct. 1463, 1472–73, 36 L.Ed.2d 151 (1973). However, a plaintiff who seeks damages for violation of a constitutional or statutory right may overcome the defendant officials' qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

■ Applying these principles to the instant case, plaintiffs complain that during the twenty-day period between the announcement of the decision in *Davis* and the April 17, 1989 deadline for filing Utah income tax returns for the 1988 tax year, defendant officials failed to protect plaintiffs' rights as earlier stated. This contention, however, overlooks the fact that defendant officials had no power or authority to repeal Utah's tax on federal retirement income. Only the legislature could do that. The 1988 tax year concluded on December 31, 1988, and by March 28, 1989, many taxpayers (including federal retirees) had already filed their returns and paid tax on their retirement income. The legislature responded on September 19, 1989, by making state retirement income as well as federal retirement income taxable, effective January 1, 1989. 1989 Utah Laws ch. 7, Second Special Session. On February 21, 1990, the legislature extended the three-year limit for filing for refunds for the 1985 tax year for an additional year, to April 16, 1990. 1990 Utah Laws ch. 21. These legislative responses were protective of plaintiffs' rights. Moreover, during that twenty-day period, it was unclear whether *Davis* was to be applied retroactively so as to entitle federal retirees to refunds from the states where they had been taxed. *Davis* did not mandate refunds, let alone decide whether refunds should be given for past years. Indeed, it was not until *Harper v. Virginia* was decided on June 18, 1993, that the retroactivity issue was finally resolved.

In *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), the Supreme Court clearly stated:

The contours of the right [allegedly violated] must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has been previously held unlawful ... but it is to say that in the light of the pre-existing law the unlawfulness must be apparent.

*Id.* at 640, 107 S.Ct. at 3039. Illustrative of this principle is *Swanson v. Powers*, 937 F.2d 965 (4th Cir.1991), where the defendant, a former secretary of revenue for the state of North Carolina, was held to be entitled to qualified immunity for collecting state income tax from federal retirees on their retirement income prior to the announcement of the decision in *Davis*. The court stated that only violations of those federal rights clearly recognized in existing case law will support an award in damages under 42 U.S.C. § 1983. The officials' conduct in this case does not meet this high test. The perplexity of the problem facing the officials during the twenty-day period in attempting to determine whether the *Davis* decision should be applied retroactively is best demonstrated by the case of *Duffy v. Wetzler*, 174 A.D.2d 253, 579 N.Y.S.2d 684 (N.Y.App.Div.1992). There, the Appellate Division of the Supreme Court of New York, after an exhaustive analysis of United States Supreme Court decisions on the subject of retroactivity, held on January 15, 1992, that the decision in *Davis* should not be applied retroactively so as to entitle federal retirees in New York State to a refund. The Virginia Supreme Court reached a similar result in *Harper v. Virginia*, 242 Va. 322, 410 S.E.2d 629 (1991). These cases, of course, reached the exact opposite conclusion on retroactivity than the United States Supreme Court reached in *Harper v. Virginia* more than one year later. Because the constitutional rights in question were not "clearly established" during the twenty-day period, we find no error in the district court's dismissal of plaintiffs' civil rights action on the ground of qualified immunity.

## ATTORNEY FEES AND COSTS

■ The district court awarded plaintiffs attorney fees and reimbursement for any cost they may incur in preparing and filing amended income tax returns. Plaintiffs find support for those awards only in a successful 42 U.S.C. § 1983 civil rights action. Inasmuch as we have held that their civil rights action was properly dismissed, the award of attorney fees and the cost of return preparation cannot stand. That part of the summary judgment is reversed.

■ Neither can the award of court costs to plaintiffs stand. Rule 54, Utah Rules of Civil Procedure, states in part, "Costs against the state of Utah, its officers, and agencies shall be imposed only to the extent permitted by law." Plaintiffs have cited no statute which would authorize the award of costs in this case.

## CONCLUSION

We have considered other assignments of error made by defendants and find them lacking in merit. The partial summary judgment is affirmed in part and reversed in part, and the case is remanded to the district court for further proceedings consistent with this opinion.

HALL, C.J., ZIMMERMAN, J., and BILLINGS, Court of Appeals J., concur.

STEWART, J., having disqualified himself, does not participate herein.

BILLINGS, Court of Appeals J., sat.

DURHAM, J., having disqualified herself, does not participate herein.

On Petition for Rehearing

HOWE, Justice:

The Utah State Tax Commission filed a petition for rehearing in this case, *Brumley v. State Tax Comm'n*, 868 P.2d 796 (Utah 1993), and the Honorable Michael O. Leavitt, Governor of Utah, has filed an amicus curiae brief in support of that petition. The petition raises three questions which we address.

■ First, petitioner assails our failure in our opinion to address petitioner's contention that state law satisfied all federal due process requirements by providing federal retir-

ees, prior to their payment of any taxes for the years in question, the opportunity to challenge the legality of the exemption for state retirees. We did not address that contention because even if it is true, it is not dispositive. The legislature in Utah Code Ann. § 59–10–529 granted direct relief to taxpayers who overpay by providing for refunds of overpayments. It is true that *Harper v. Virginia Department of Taxation*, 509 U.S. ——, ——, 113 S.Ct. 2510, 2520, 125 L.Ed.2d 74, 89 (1993), gave the states latitude to craft a remedy for the illegal exaction of taxes. In Utah, however, the nature of the remedy was not an open question. The legislature had long since provided refunds as the remedy. Plaintiffs cannot be denied that remedy even though it may not be required by federal due process. Cases cited by petitioner and amicus where refunds were not required as a matter of state law are therefore distinguishable. *Harper v. Virginia Dep't of Taxation*, 241 Va. 232, 401 S.E.2d 868, 873 (1991); *Reich v. Collins*, 262 Ga. 625, 422 S.E.2d 846, 849 (1992), *on remand from U.S. Sup.Ct.*, 263 Ga. 602, 437 S.E.2d 320 (1993).

Second, petitioner requests that we clarify an ambiguity in our opinion wherein we stated:

> The district court ... properly left to the Commission the responsibility of making the factual determinations as to whether each class member has timely filed an amended return or a claim....

*Brumley*, 868 P.2d at 799. That statement is in error. The Tax Commission admitted in its answer to the complaint that the class members had timely filed. The trial court ordered refunds to be paid to all members of the class. No challenge was raised on appeal to any lack of filing or the timeliness of filing. Therefore, we amend our opinion by striking the statement that the Commission should determine whether each class member timely filed an amended return or a claim.

Third, the district court ordered refunds together with interest thereon at the rate of "12 percent per annum in accordance with Utah Code Ann. § 59–10–538, 1987 as amended." No issue was raised on appeal respecting the award or the rate of interest.

After our opinion was handed down, the legislature, in special session, enacted a statute which petitioner argues limits the award of interest to 6 percent per annum. H.B. 7, 2d Spec. Sess. (1993).

In accordance with our long-standing practice of refusing to consider issues raised for the first time on rehearing, we decline to decide whether this new legislation can be lawfully applied in the instant case. However, inasmuch as the order appealed from is interlocutory and the case is being remanded to the district court for further proceedings, petitioner is free to present this issue to that court for its determination. Utah R.Civ.P. 54(b). This direction comports with our limited function as an appellate court to review orders and judgments made by the trial courts in the first instance.

The petition for rehearing is denied, and the opinion is amended as indicated above.

ZIMMERMAN, C.J., HALL, J., and JUDITH M. BILLINGS, Court of Appeals Judge, concur.

STEWART, Associate C.J., having disqualified himself, does not participate herein; BILLINGS, Court of Appeals Judge, sat.

DURHAM, J., having disqualified herself, does not participate herein.

HALL, J., acted on this case prior to his retirement.