2004 UT App 433

TDM, INC., dba Trails and Trails II; RBD, Inc., dba Crazy Goat Saloon; Flight Deck, Inc., dba Northern Exposure; Due South, Inc., dba Southern Exposure; American Bush, Inc.; and Companions, LLC, Plaintiffs and Appellants,

v.

TAX COMMISSION; and Pam Hendrickson, R. Bruce Johnson, Palmer Depaulis, and Marc B. Johnson, in their official capacities as members of the Tax Commission, Defendants and Appellees.

No. 20040706–CA.

Court of Appeals of Utah.

Nov. 18, 2004.

W. Andrew McCullough and J. Robert Latham, McCullough & Associates, Midvale, for Appellants.

Mark L. Shurtleff, Atty. Gen., and Susan L. Barnum, Asst. Atty. Gen., Salt Lake City, for Appellees.

Before BILLINGS, P.J., BENCH, Associate P.J., and ORME, J.

## MEMORANDUM DECISION

### PER CURIAM.

¶ 1 Appellants TDM, Inc., RBD, Inc., Flight Deck, Inc., Due South, Inc., American Bush, Inc., and Companions, LLC (collectively TDM) appeal the trial court's dismissal of their complaint for lack of jurisdiction based on the failure to exhaust administrative remedies. This is before the court on TDM's motion for summary reversal based on manifest error, and on the Tax Commission's (Commission) motion for summary affirmance based on the lack of a substantial question for review. We review a trial court's dismissal for lack of subject matter jurisdiction for correction of error. See Nebeker v. Tax Comm'n, 2001 UT 74, ¶ 11, 34 P.3d 180.

¶ 2 Appellants are clubs featuring nude or semi-nude dancing and one escort service. Effective July 1, 2004, a new tax was imposed on sexually explicit businesses, including those of Appellants. TDM filed a complaint pursuing an injunction against the enforcement of the new tax and declaratory judgment that the tax was unconstitutional because it imposed a content-based tax in violation of the First Amendment. The complaint also alleged federal causes of action under 42 U.S.C. § 1983, and requested damages under the federal statute.

¶ 3 The Commission moved to dismiss the complaint, arguing, among other things, that the complaint alleged "as applied" challenges to the tax statute, and thus required TDM to exhaust its administrative remedies before the Commission prior to moving to court. The trial court dismissed the federal causes of action, noting the federal causes of action were barred because there was a state remedy and damages were improper. These rulings are not challenged. The trial court then dismissed the complaint for lack of jurisdiction over the state causes of action based on TDM's failure to exhaust administrative remedies.

¶ 4 Generally, " 'parties must exhaust applicable administrative remedies as a prerequisite to seeking judicial review.' " Nebeker, 2001 UT 74 at ¶ 14, 34 P.3d 180 (quoting Tax Comm'n v. Iverson, 782 P.2d 519, 524 (Utah 1989)). An exception to the exhaustion requirement, however, exists where "it appears that exhaustion would serve no useful purpose." Id. Although the Commission cannot "determine questions of legality or constitutionality of legislative enactments," Tax Comm'n v. Wright, 596 P.2d 634, 636 (Utah 1979), the introduction of a constitutional issue does not necessarily avoid the requirement to exhaust administrative remedies. See Johnson v. Utah State Ret. Office, 621 P.2d 1234, 1238 (Utah 1980).

¶ 5 Exhaustion of administrative remedies is still required when the administrative proceeding may obviate the need to reach the constitutional question. See id. Even if the constitutional issue is not avoided entirely, an administrative proceeding may be useful to better frame the issues before the court. See id. In contrast, where purely legal questions are raised that cannot be finally determined in an administrative proceeding, the pursuit of the administrative proceeding may serve no purpose. See Brumley v. Tax Comm'n, 868 P.2d 796, 799 (Utah 1993). Exhaustion of administrative remedies is not required when the "legal questions involved are threshold questions, and their determination could not [be] avoided by any turn the case might have taken in [an administrative proceeding]." Id.

¶ 6 The trial court found that TDM was required to exhaust its administrative remedies to give the Commission the opportunity to determine how the tax statute would be applied. However, the issue is whether the tax statute on its face violates the First Amendment, thus precluding its application at all. This issue is a threshold legal issue that cannot be impacted or avoided by any turn the case may take before the Commission. In contrast to Johnson and Nebeker, where plaintiffs asserted both administrative and constitutional claims, this matter is sole-

ly a constitutional challenge with no alternative administrative basis that could resolve the issue. There is no administrative determination that could obviate the need to reach the constitutional issue. The exhaustion of administrative remedies here would serve no useful purpose. Thus, exhaustion is not required in this circumstance, and TDM's claim was properly before the trial court. The trial court erred in dismissing TDM's complaint for lack of jurisdiction.

¶ 7 Accordingly, the trial court's dismissal for lack of jurisdiction is reversed, and this matter is remanded to the trial court for further proceedings.

BENCH, Associate Presiding Judge (dissenting):

¶ 8 I cannot say that this is a case of "manifest error," pursuant to rule 10(e) of the Utah Rules of Appellate Procedure. The Utah Supreme Court has described manifest error as error that is "obvious." *State v. Menzies,* 845 P.2d 220, 225 (Utah 1992). In my view, the jurisdictional error cited by TDM is not sufficiently obvious to warrant summary reversal.

¶ 9 I would therefore deny the motion for summary reversal and defer deciding the jurisdictional issue "until plenary presentation and consideration of the case." Utah R.App. P. 10(f).