2005 UT App 395

**Randy B. BIRCH, individually and on behalf of all others similarly situated, Plaintiff and Appellant,**

v.

**FIRE INSURANCE EXCHANGE, Defendant and Appellee.**

No. 20040577–CA.

Court of Appeals of Utah.

Sept. 22, 2005.

Daniel F. Bertch and Kevin K. Robson, Bertch Robson, Salt Lake City, for appellant.

David A. Greenwood and Stephen T. Hester, Bendinger Crockett Peterson Greenwood & Casey, Salt Lake City, for appellee.

Before Judges BENCH, McHUGH, and ORME.

## OPINION

McHUGH, Judge:

¶ 1 Randy Birch appeals the trial court's grant of summary judgment in favor of Fire Insurance Exchange (Fire), Birch's provider of homeowner's insurance. The trial court held that Birch was only entitled to recover his deductible from Fire in proportion to Fire's subrogation recovery from third-party insurers. We affirm.

## BACKGROUND

¶ 2 Neighborhood children were playing with matches and started a fire southwest of Birch's property. The fire spread and damaged Birch's fence and landscaping. A plane dropped fire retardant to stop the blaze, but the fire retardant contained a red dye that stained Birch's fence, shed, and land.

¶ 3 Birch filed a claim with Fire to recover his loss from the incident. The insurance policy provided coverage for the full replacement cost of the damaged property subject to a $500.00 deductible. The parties agreed that the replacement cost of the damaged property was $7732.91, and Fire paid Birch this amount minus the deductible, or $7232.91.

¶ 4 Fire then sought subrogation from the insurers of the neighborhood children. Fire settled with the children's insurers for 95% of the $7732.91 replacement cost, or $7346.26. The parties stipulated at the hearing in the trial court that the 5% reduction reflected the depreciated value of the property at the

time it was destroyed. The parties further stipulated that the 95% settlement was reasonable.[1] Fire then delivered a check to Birch for $475.00, or 95% of his $500.00 deductible, bringing his total recovery to $7707.91. Birch wrote Fire a letter inquiring why he had not received his complete $500.00 deductible. Fire responded by stating that Utah is a pro rata state and that Birch was only entitled to recover a part of his deductible in proportion with the recovery. Birch filed this class action lawsuit to recover the full amount of his deductible. The district court granted Fire's Motion for Summary Judgment, and Birch appeals. For the reasons set forth below, this court affirms the entry of summary judgment in favor of Fire.

## ISSUE AND STANDARD OF REVIEW

¶ 5 Birch argues that he must recover 100% of his deductible before Fire can retain any of the proceeds recovered from the third-party tort-feasors' insurers. "On review of a grant of summary judgment, we view the facts, and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *GNS P'ship v. Fullmer*, 873 P.2d 1157, 1159 (Utah Ct.App. 1994) (quotations and citation omitted). "A grant of summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 1160; *see also* Utah R. Civ. P. 56(c). We review the trial court's legal conclusions for correctness, according them no deference. *See GNS P'ship*, 873 P.2d at 1160.

## ANALYSIS

¶ 6 While the general issue of subrogation has been discussed in many opinions from Utah courts, it appears that the precise question arising from this factual scenario has not been addressed by courts in this state or any other.[2]

¶ 7 "The doctrine of subrogation allows an insurer, 'having paid a loss resulting from a peril insured against, to step into the shoes of its insured and recoup its losses from a tort-feasor whose negligence caused the loss.'" *GNS P'ship*, 873 P.3d at 1160 (citations omitted). "Subrogation is an equitable doctrine, hence, equitable principles apply in determining its availability." *Id.* (citation omitted). The subrogation doctrine can be modified by contract, but in the absence of express contractual terms to the contrary,[3] "the insured must be *made whole* before the insurer is entitled to be reimbursed from a recovery from the third-party tort-feasor." *Hill v. State Farm Mut. Auto. Ins. Co.*, 765 P.2d 864, 866 (Utah 1988) (emphasis added) (citing *Lyon v. Hartford Accident & Indem. Co.*, 25 Utah 2d 311, 480 P.2d 739, 744 (1971)). The doctrine of equitable subrogation enforces the principle that the insured is not entitled to double recovery, and the insurer is equitably entitled to recover any amounts from the insured that the insured recovered from the tort-feasor. *See id.*

¶ 8 Birch argues that when he received only $475.00 of his $500.00 deductible, he did not receive a full recovery and therefore was not "made whole." Birch relies upon cases in which the Utah Supreme Court has used sweeping language to describe the insured's recovery rights in subrogation. *See State Farm Mut. Auto. Ins. Co. v. Green*, 2003 UT 48, ¶ 34, 89 P.3d 97 ("[A]n insurer cannot assert its equitable subrogation rights against a tort-feasor unless its *insured has*

---

1. These stipulations allowed Birch's Motion for Judgment on the Pleadings to be converted to a Motion for Summary Judgment. Fire responded to the Motion for Judgment on the Pleadings with a Motion for Summary Judgment of its own.

2. A class action claim very similar to that brought in this case was at issue in *Powers v. Government Employees Insurance Co.*, 192 F.R.D. 313, 315–16 (S.D.Fla.1998) (describing action on behalf of plaintiff and other similarly situated insureds that had recovered only a pro rata portion of their deductibles based on the insurer's subrogation recovery). That decision, however, only considered issues relating to class certification. *See id.* at 320 (certifying as to Florida residents only). We have been unable to locate any additional decisions issued in that case.

3. Oddly, neither party in this case has submitted the actual written contract between Fire and Birch, and it is not in the record. Consequently, the issue will be evaluated under principles of common law equitable subrogation rather than under any subrogation clause that may have been present in the contract of insurance.

*been made whole.*" (emphasis added)); *Smith v. U.S. Fid. & Guar. Co.,* 949 P.2d 337, 345 (Utah 1997) (stating that insurer can recover "the excess received from the wrongdoer after *full compensation* for [insured's] loss, including the costs and expenses thereof" (emphasis added) (alteration in original) (quotations and citations omitted)); *Hill,* 765 P.2d at 866 ("[T]he insurer's equitable position cannot be superior to the insured's unless the insured has been *completely compensated.*" (emphasis added)); *Transamerica Ins. Co. v. Barnes,* 29 Utah 2d 101, 505 P.2d 783, 786 (1972) ("[T]he *insured is entitled to be made whole* before the insurer may recover *any portion* of the recovery from the tort-feasor." (emphasis added)); *Lyon v. Hartford Accident & Indem. Co.,* 25 Utah 2d 311, 480 P.2d 739, 744–45 (1971) ("If the one responsible has paid the *full extent of the loss,* the insured should not claim both sums . . . ." (emphasis added)). Utah's "made whole" rule contrasts with the law in a few states that use a "pro rata" approach in which the insured recovers an amount proportionate to the share of the total settlement between the insurer and the third party. *See Dimick v. Lewis,* 127 N.H. 141, 497 A.2d 1221 (1985); 16 Couch on Insurance 3d § 223:138 (2000).

¶ 9 Birch argues that the focus of the "made whole" rule is not on what he may have legally recovered from his insurer and the tort-feasor, but rather is on the total damages or loss he sustained. Thus, Birch contends, it does not matter that his recovery was subject to a $500.00 deductible or that the measure of tort damages was subject to depreciation. As long as he has not been paid 100% of his loss, he claims that he has not been made whole. *See Monte de Oca v. State Farm Fire & Cas. Co.,* 897 So.2d 471, 474 (Fla.Dist.Ct.App.2004) (Wells, J., dissenting) (" '[W]here the insurer has paid the full amount required by the insurance contract, but the insured's actual loss exceeds the total amount recovered from the insurer and the tort-feasor, the insurer's subrogation rights cannot be enforced because the insured has not been made whole.' " (quoting *Collins v. Wilcott,* 578 So.2d 742, 744 (Fla.Dist.Ct.App. 1991))); *Florida Farm Bureau Ins. Co. v. Martin,* 377 So.2d 827, 830 (Fla.Dist.Ct.App.

1979) (holding insurer's rights secondary to insured's right to recovery because insured had not been paid for full losses).

¶ 10 Fire, on the other hand, argues that Birch has been made whole because he should not receive more than his actual damage—the depreciated value of his property at the time it was destroyed by the fire. Fire and the third-party insurance company agreed the depreciated value for purposes of tort damages was 95% of the replacement value, or $7346.26. Birch stipulated that a 5% depreciation factor was reasonable. Even though Birch had paid for replacement cost insurance, which covers the full repair of the damaged property, Fire asserts that the inquiry concerning the appropriate portion of the recovery from the tort-feasors' insurer to be paid to Birch should focus on the maximum recovery available in tort law rather than in light of the contractual replacement cost. Fire argues that because the most Birch could have recovered if he had brought an action directly against the tort-feasors was depreciated value, the payment to him of $475.00 fully compensated him for the *tort damage* incurred, thereby making him whole. *See Price–Orem Inv. Co. v. Rollins, Brown & Gunnell, Inc.,* 784 P.2d 475, 479–80 (Utah Ct.App.1989) ("[G]enerally, the measure of damages for permanent injury to real property is the difference between the market value of the property immediately before and immediately after the injury." (citing *Ault v. Dubois,* 739 P.2d 1117, 1120 (Utah Ct.App. 1987))); *see also* 22 Am.Jur.2d *Damages* § 282 (2003). Fire asserts that Birch has been made more than whole because he has recovered $7707.91 for his loss, when a tort recovery based on actual damage could only yield $7346.26. Finally, Fire argues that by attempting to recover the full $500.00 deductible, Birch is attempting to allocate the subrogation recovery to an uninsured portion of the loss, which amounts to double recovery.

¶ 11 This court agrees with Fire's position. None of the Utah cases relied upon by Birch holds that an insured is entitled to recover more than his or her actual damages. In this case, Birch had two separate bases for recovery, an action in contract and an action in tort. Under the insurance contract with Fire, Birch had a right to recover more than

**700**

he actually lost if the deductible is not considered. That is, Birch contracted for replacement value of the property, rather than what it was worth when it was destroyed. That contractual right, however, was subject to a $500.00 deductible. Under the contract, Birch had no right to recover that $500.00. Further, there is no dispute that the contractual obligations of Fire for payment of the replacement value have been satisfied.

¶ 12 After the contractual obligations were satisfied, Birch still could recover any remaining uncompensated losses from the tort-feasors. The measure of damages for purposes of that tort claim, however, is the value of the property at the time it was destroyed. *See Price–Orem,* 784 P.2d at 479–80. Birch did not lose new property. The value of the property at the time of the fire was $7346.26 (95% of the total replacement value of $7732.91). The parties stipulated that 5% represented a reasonable reduction for depreciation. By the time of the settlement with the tort-feasors, Birch had already received $7232.91 (replacement value minus the deductible). Thus, Birch had remaining actual damages of only $113.35 ($7346.26 actual property value minus the $7232.91 already received). Fire paid Birch $475.00 of the amount collected from the tort-feasors.

### CONCLUSION

¶ 13 At the end of the day, Birch received $361.65 more than his actual damages. Thus, he received double recovery of a portion of his property damages. Under the unique facts of this case, Birch has been made whole. He was paid everything to which he was entitled under the insurance contract with Fire and also recovered more than he was entitled to if he had filed an independent tort action against the tort-feasors. The decision of the trial court granting summary judgment in favor of Fire is affirmed.

¶ 14 WE CONCUR: RUSSELL W. BENCH, Associate Presiding Judge and GREGORY K. ORME, Judge.