2007 UT App 4

**Terry GUNN, Plaintiff and Appellant,**

v.

**UTAH STATE RETIREMENT BOARD aka Public Employees Health Program aka PEHP, Inc., Defendants and Appellees.**

No. 20051164–CA.

Court of Appeals of Utah.

Jan. 5, 2007.

James R. Hasenyager and Peter W. Summerill, Hasenyager & Summerill, Ogden, for Appellant.

David B. Hansen, Howard Phillips & Andersen, Salt Lake City, for Appellees.

Before BENCH, P.J., GREENWOOD, Associate P.J., and McHUGH, J.

## OPINION

BENCH, Presiding Judge:

¶ 1 Terry Gunn appeals the district court's order granting Public Employees Health Program's (PEHP) motion to dismiss. We affirm.

## BACKGROUND

¶ 2 The Utah State Retirement Office (the agency), an independent state agency, administers PEHP pursuant to the Public Employees' Benefit and Insurance Program Act. *See* Utah Code Ann. §§ 49–20–101, –407 (2002 & Supp.2006). Under this statutory authority, PEHP provides health insurance coverage to eligible employees and their dependents. PEHP contracted with and provided health insurance benefits to Gunn through his former wife's health plan. The parties contracted under the PEHP Master Policy (the policy), which contains a contractual reimbursement clause, a subrogation clause, and an acceptance of benefits and notification clause.

¶ 3 This case stems from a personal injury action. Gunn tripped while walking over a speed bump in a parking lot. Pursuant to the policy, PEHP paid for Gunn's medical expenses. Gunn subsequently filed a personal injury action against the owner of the parking lot, who asserted comparative fault as an affirmative defense. Gunn notified PEHP of his personal injury action so that PEHP could protect its interests. In July 2004, Gunn informed PEHP that it must either participate in the litigation to protect its subrogation claim or accept a pro-rata reduction for comparative fault, attorney fees, and costs. Gunn warned PEHP that he would not seek reimbursement of medical expenses in his personal injury action if it did not agree to Gunn's terms. PEHP, however, did not agree to the proposed terms.

¶ 4 In May 2005, the trial court sent Gunn's personal injury action to mediation. Gunn again requested that PEHP agree to the above terms, but PEHP never responded. The mediator contacted PEHP, requesting that it reduce the amount it would seek for subrogation, but PEHP refused. Gunn later settled his personal injury action for $15,000.

¶ 5 In September 2005, Gunn filed this action against PEHP seeking a declaratory judgment that PEHP should be precluded from asserting its subrogation rights. PEHP filed a motion to dismiss, contending that Gunn could not obtain declaratory relief "without first exhausting administrative remedies under U.C.A. Tile 49 and the [policy]." The district court granted PEHP's motion to dismiss. Gunn now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 6 Gunn argues that the district court erred in granting PEHP's motion to dismiss for lack of subject matter jurisdiction. Whether the district court properly granted the motion to dismiss is "a question of law, [which] we review for correctness, giving no deference to the decision of the trial court." *Peterson v. Delta Air Lines, Inc.*, 2002 UT App 56, ¶ 7, 42 P.3d 1253.

## ANALYSIS

¶ 7 Gunn contends that the district court erred in granting PEHP's motion to dismiss. The district court concluded that it did not have subject matter jurisdiction "because [Gunn] cannot obtain declaratory or other relief without first exhausting agency administrative remedies intended pursuant to Utah Code Annotated Title 49 and the [policy]." Because PEHP is administered by a state agency, an opposing party "may seek judicial review only after exhausting all administrative remedies available." Utah Code Ann. § 63–46b–14(2) (2004). A court may exempt a party from the requirement to exhaust administrative remedies if "the administrative remedies are inadequate" or the "exhaustion of remedies would result in irreparable harm disproportionate to the public benefit derived from requiring exhaustion." *Id.* Gunn has made no attempt to

establish that either exception exists in this case.

¶ 8 Gunn contends, however, that before concluding whether the exhaustion of administrative remedies is required, the district court must first determine whether the dispute falls within the scope of the agency's statutory authority. He cites several cases stating that the requirement of exhausting administrative remedies "does not apply when ... the administrative officer or body, acts without the scope of his or its defined statutory authority." *Walker Bank & Trust Co. v. Taylor*, 15 Utah 2d 234, 238, 390 P.2d 592 (1964); *see also TDM, Inc. v. Tax Comm'n*, 2004 UT App 433, ¶ 6, 103 P.3d 190. Specifically, Gunn asserts that the preliminary legal question as to whether PEHP has a valid subrogation claim is outside the scope of the agency's statutory authority. We disagree.

¶ 9 The agency's appeal process is outlined in Utah Code section 49–11–613, which provides in part:

(a) All members, retirees, participants, alternative payees, or covered individuals of a system, plan, or program under this title shall acquaint themselves with their rights and obligations under this title.

(b) Any dispute regarding a benefit, right, obligation, or employment right under this title is subject to the procedures provided under this section.

(c) A person who disputes a benefit, right, obligation, or employment right under this title shall request a ruling by the executive director.

(d) A person who is dissatisfied by a ruling of the executive director with respect to any benefit, right, obligation, or employ-

ment right under this title shall request a review of that claim by a hearing officer. Utah Code Ann. § 49–11–613(1)(a)–(d) (Supp. 2006). This section is clear that an insured who has "[a]ny dispute" with PEHP "shall request a ruling from the executive director." *Id.* Gunn's complaint states that "a dispute has arisen between [PEHP] and [Gunn] concerning their rights," and urges that PEHP waived its subrogation claim by not participating in the underlying personal injury action. We conclude that Gunn's dispute regarding a right against PEHP is covered by section 49–11–613.

¶ 10 Gunn additionally asserts that because the dispute involves a legal question, rather than a fact determination, it is outside the scope of the statute. The controlling statute, however, clearly provides that the agency does more than just find facts. Section 49–11–613(2)(d), for example, states that a hearing officer shall "make conclusions of law in determining the person's rights under any system, plan, or program under this title and matters pertaining to the administration of the office." Utah Code Ann. § 49–11–613(2)(d); *see also King v. Industrial Comm'n*, 850 P.2d 1281, 1285 (Utah Ct.App. 1993) (discussing the appellate court's review of an administrative agency's interpretation of law). Therefore, nothing in the statute limits the agency from interpreting questions of law relating to the legal rights of PEHP and its insured.[1]

¶ 11 Gunn further contends that the policy itself does not require him to first seek administrative review of his claim concerning PEHP's subrogation rights. "It has always been recognized that a contract contains, implicitly, the laws existing at the time it is completed." *Beehive Med. Elecs. v. Industrial Comm'n*, 583 P.2d 53, 60 (Utah 1978).[2]

---

1. Gunn also asserts that the legal question of whether PEHP has a valid subrogation claim depends on several equitable determinations that should be decided by the district court, including comparative negligence, laches, and waiver. "Subrogation is an equitable doctrine, hence, equitable principles apply in determining its availability." *Birch v. Fire Ins. Exch.*, 2005 UT App 395, ¶ 7, 122 P.3d 696 (quotations and citation omitted). However, "[t]he subrogation doctrine can be modified by contract." *Id.* Because the parties agreed to subrogation in the policy,

the issue of whether PEHP waived its claim is a matter of contract interpretation.

2. In 2005, subsequent to the formation of the policy, the legislature amended Utah Code section 49–11–613. *See* Utah Code Ann. § 49–11–613 (2002 & Supp.2006). "[A] statute may be applied retroactively if it affects only procedural and not substantive rights." *Washington Nat. Ins. v. Sherwood Assoc.*, 795 P.2d 665, 667 (Utah Ct.App.1990). The statutory amendment in this case does not affect substantive rights.

As indicated above, the statute is clear that any right asserted against PEHP must be submitted first to the agency's review process. Therefore the statute supplements the contract and requires Gunn to seek administrative review before proceeding to court.[3]

## CONCLUSION

¶ 12 PEHP is administered by a state agency, and therefore, any party asserting a legal right against PEHP "may seek judicial review only after exhausting all administrative remedies available." Utah Code Ann. § 63–46b–14(2) (2004). Further, the issues in this case are not outside the agency's statutory authority, and Gunn is not relieved of the exhaustion requirement.

¶ 13 We therefore affirm the district court's grant of PEHP's motion to dismiss for lack of subject matter jurisdiction.

¶ 14 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge and CAROLYN B. McHUGH, Judge.

---

**3.** Both parties discuss whether at this stage of the proceedings we should determine if PEHP has a valid subrogation claim. Because we have determined Gunn must exhaust administrative remedies before seeking judicial review, we will not consider this issue.