McRAE & DeLAND, a partnership of Robert M. McRae and Loni F. DeLand, JoAnn Blackburn, Henry James Barela, Joyce Kathryn Nazarenus, Jack Hyrum Hallett, Rance Rasmussen, Grant John Gardiner, James Argus Faulkner, Kurt Steven Cheek, Scott Harrington Oakley, Harvey Lee Childeus, Ronald Wayne Hunt, Kelly Dean Goodrich, Judith Ann Looney, Earl R. Jenkins, Leora Chivers, George Ed Gudac, Jr., Herschell LeRoy Hill, George McKinney, Lyle Morey, Harold Fred Price, George Rendon, Alan Rice, Richard Tilquist, Peter Ayotte, Jon E. Miles and James E. Smith, Plaintiffs and Appellants,

v.

Brent FELTCH, as Justice of the Peace of Uintah County, Defendant and Respondent.

No. 18837.

Supreme Court of Utah.

Aug. 4, 1983.

Loni F. DeLand, Salt Lake City, for plaintiffs and appellants.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, Asst. Atty. Gen., Salt Lake City, Clark B. Allred, County Atty., Vernal, for defendant and respondent.

DURHAM, Justice:

This is an action by the appellants for declaratory relief with respect to the constitutionality of U.C.A., 1953, § 41–6–44 (Interim Supp.1982),[1] regarding driving under the influence of intoxicants (hereafter "DUI"). The trial court granted the respondent's Motion to Dismiss. We affirm.

On April 7, 1982, the appellants filed a Verified Complaint for Declaratory Judgment. The appellants consist of twenty-five individuals who have DUI charges pending before the respondent Brent Feltch, a justice of the peace, and three lawyers who represent them. In their complaint, the appellants sought, among other things, a declaration by the trial court that: (1) the respondent lacked jurisdiction to try DUI cases because the total fines that could be imposed under § 41–6–44 exceed the limitation imposed on justices of the peace by the Utah Constitution; and (2) § 41–6–44 violates numerous constitutional rights of the appellants. The respondent filed a Motion to Dismiss claiming first, that it is improper to sustain a declaratory judgment action that raises the same issues as those raised in a pending criminal action, and second, that the declaratory judgment action must fail because the Utah Attorney General was not served with a copy of the complaint as required by U.C.A., 1953, § 78–33–11.

The trial court granted the respondent's motion and dismissed the appellants' complaint, holding that "this matter is not proper for a declaratory judgment, in that the issues raised herein should be more properly determined in the individual criminal actions which are pending . . . ." The appellants now appeal that decision, claiming that the trial court erred in dismissing their complaint because (1) this is a proper action for a declaratory judgment, and (2)

failure to serve the Utah Attorney General is not fatal.

■ With respect to the appellants' first point of error, the general rule has been stated as follows:

Generally, jurisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the commencement of the declaratory action another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the identical issues that are involved in the declaratory action.

1W. Anderson, *Actions for Declaratory Judgments* § 209, at 447 (2d ed. 1951 & Supp. 1959) (citations omitted). *See also* 22 Am.Jur.2d *Declaratory Judgments* § 16, at 857–59 (1965); E. Borchard, *Declaratory Judgments* at 350–54 (2d ed. 1941). "A declaratory judgment proceeding is particularly inappropriate where a criminal action involving the identical question is already pending." 22 Am.Jur.2d, *supra,* § 24, at 868 (citations omitted). *See also, e.g., Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); *Theodos v. Bossier City,* 232 La. 1059, 95 So.2d 825 (1957); *Updegraff v. Attorney General,* 298 Mich. 48, 298 N.W. 400 (1941). The rationale behind the above-quoted rule is to prohibit piecemeal litigation of the legal issues in multiple suits and to prevent the needless proliferation of litigation. *See, e.g., Norcisa v. Board of Selectmen,* 368 Mass. 161, 330 N.E.2d 830 (1975). Thus, we affirm the trial court's ruling because the pending criminal actions involve identical questions which may be properly raised and adjudicated in those proceedings.

The appellants rely on *Ostrander v. Linn,* 237 Iowa 694, 22 N.W.2d 223 (1946), as support for an exception to the above-quoted rule. We point out, however, that the *Ostrander* decision is not as far-reaching as the appellants contend. That decision falls within one of the well-recognized exceptions to the general rule in that it involves the operation of a business enterprise. *See* 182 W. Anderson, *supra,* §§ 210 & 731; E.

---

1. For the current version of this statute, see ·U.C.A., 1953, § 41–6–44 (Interim Supp.1983).

Borchard, *supra,* at 1020–36. That exception is inapplicable to the present case. Thus, the appellants' reliance on *Ostrander* is misplaced.

The appellants' claim for declaratory relief was also procedurally improper. The Utah legislature has established specific procedures by which the appellants can obtain review of the respondent's actions by permitting an appeal to the district court for a trial de novo. *See* U.C.A., 1953, § 77–35–26(k) (Interim Supp.1983). Moreover, with respect to the appellants' claim that the respondent lacked jurisdiction, the appropriate procedure is not a declaratory action, but rather is a petition for an extraordinary writ. *See* Utah R.Civ.P. 65B(b)(2). *See also Oregon Short Line Railroad Co. v. District Court of Third Judicial District,* 30 Utah 371, 85 P. 360 (1906).

Having disposed of this case on the appellants' first point of error, it is unnecessary for us to address the issues raised in their second point of error. Affirmed. No costs awarded.

OAKS and HOWE, JJ., concur.

HALL, C.J., and STEWART, J., concur in the result.