### A. Paul SCHWENKE, Plaintiff and Appellant,

### v.

### Wendel SMITH, Steven Trost, and Utah State Bar, Defendants and Appellees.

### No. 960255.

Supreme Court of Utah.

July 8, 1997.

---

1. To the extent the majority opinion can be read to say otherwise, such an inference is simply wrong. *McCormick on Evidence* § 68, at 257 (4th ed.1993).

A. Paul Schwenke, Salt Lake City, for pro se.

Carman E. Kipp, Gregory J. Sanders, Sandra L. Steinvóort, Salt Lake City, for defendants.

ZIMMERMAN, Chief Justice:

Plaintiff A. Paul Schwenke appeals a district court order dismissing his complaint against the Utah State Bar, Steven Trost, and Wendell Smith (collectively, "the Bar") for lack of subject matter jurisdiction. We affirm.

**1.** The procedures for attorney discipline have now changed substantially. All subsequent refer-

We begin by briefly reviewing the facts before turning to the standard of review and our analysis. Schwenke was disbarred by this court in 1993 after review of a recommendation of discipline received from the Board of Bar Commissioners.[1] *In re Schwenke*, 865 P.2d 1350, 1355 (Utah 1993). Nearly three years later, Schwenke filed a complaint in district court, alleging fraud on the part of the Bar in obtaining the disbarment order against him and asking the district court for a "judgment vacating the Order of Disbarment." The Bar responded with a motion to dismiss, arguing that the district court lacked subject matter jurisdiction to vacate an attorney discipline order of the Utah Supreme Court. After a hearing on the matter, the trial court concluded that it lacked subject matter jurisdiction and dismissed the complaint. Schwenke now appeals the dismissal.

We review for correction of error a trial court's order on a motion to dismiss for lack of subject matter jurisdiction. *Barnard v. Utah State Bar*, 857 P.2d 917, 919 (Utah 1993). The trial court determined that it lacked subject matter jurisdiction because Schwenke's complaint concerned solely issues relating to attorney discipline and an order for disbarment entered by this court. We affirm.

The Utah Constitution vests sole authority for regulating the practice of law in this court. Utah Const. art. VIII, § 4. It provides, "The Supreme Court by rule shall govern the practice of law, including ... the conduct and discipline of persons admitted to practice law." *Id.* In this case, Schwenke sought to attack this court's order disbarring him by convincing a district court to "vacate" that order because of an alleged fraud committed on this court, which caused us to issue the order in question. Schwenke argues that the district court has subject matter jurisdiction over such a complaint because it is an action in fraud. This argument, however, simply recharacterizes the nature of Schwenke's complaint in an attempt to avoid the fact that the Utah Constitution vests this

ences in this opinion are to the procedures in place at the time Schwenke was disciplined.

court with exclusive subject matter jurisdiction over attorney discipline matters. We need not accept such a recharacterization. *See Gillman v. Department of Fin. Inst.,* 782 P.2d 506, 509, 511–12 (Utah 1989) (rejecting attempts to recharacterize claim for damages arising out of regulators' licensing decision as claim for negligence in order to avoid governmental immunity).

The trial court correctly determined that it lacked subject matter jurisdiction to vacate an order of this court disbarring an attorney licensed to practice law in this state. If a fraud was perpetrated on this court in securing the order disbarring Schwenke, then the proper forum for resolving that issue is this court, the court in which the fraud was allegedly perpetrated and the only court with subject matter jurisdiction over attorney discipline matters.

We affirm.

STEWART, Associate C.J., and HOWE, DURHAM and RUSSON, JJ., concur.