1999 UT 12

**HERCULES, INC., Plaintiff and Appellant,**

v.

**UTAH STATE TAX COMMISSION, Defendant and Appellee.**

No. 970435.

Supreme Court of Utah.

Feb. 5, 1999.

Maxwell A. Miller, Kent B. Alderman, Salt Lake City, for plaintiff.

Jan Graham, Att'y Gen., Mark E. Wainwright, Asst. Att'y Gen., Salt Lake City, for defendant.

HOWE, Chief Justice:

¶ 1 Hercules Incorporated appeals from an order dismissing its declaratory judgment action against the Auditing Division of the Utah State Tax Commission. The trial court held that Hercules' action was procedurally improper because it attempted to invoke the court's jurisdiction to obtain judicial review of an interlocutory Tax Commission order issued in a pending adjudicative proceeding.

¶ 2 The facts are undisputed. Following an audit, the Auditing Division assessed corporate franchise tax deficiencies against Hercules for the years 1988 through 1992. Hercules disputed the deficiencies and commenced a formal adjudicative proceeding before the Tax Commission. In that proceeding, Hercules moved the Tax Commission for a protective order precluding the Auditing Division from conducting discovery. In support of this motion, Hercules cited this court's decision in *Beaver County v. State Tax Commission*, 916 P.2d 344 (Utah 1996), wherein we held that "[r]ule 861–1A–6 [of the Utah Administrative Code] contemplates discovery only from the [Tax] Commission, not from the taxpayer[ ]." *Id.* at 353. The Tax Commission nevertheless denied Hercules' motion, holding that *Beaver County* could not be construed to preclude the Auditing Division from obtaining discovery from Hercules.

¶ 3 Shortly after the denial of its motion, Hercules filed this action in district court, seeking (1) a declaration that Utah Administrative Code R861–1A–6 does not contemplate discovery from the taxpayer and (2) an injunction enjoining the Auditing Division from obtaining further discovery from Hercules in the proceeding pending before the Tax Commission. The Auditing Division responded by moving to dismiss Hercules' complaint. The court granted the motion. Hercules appeals.

¶ 4 The sole issue presented is whether the trial court erred in dismissing Hercules' declaratory judgment action on the grounds that the action was an improper attempt to seek judicial review of an interlocutory Tax Commission order in a pending adjudicative proceeding. Hercules asserts that the trial court erred in that it, in effect, incorrectly

required Hercules to exhaust its administrative remedies prior to seeking declaratory relief. In support of this argument, it relies on our decisions in *Brumley v. State Tax Commission*, 868 P.2d 796, 799 (Utah 1993), and *IML Freight, Inc. v. Ottosen*, 538 P.2d 296, 298 (Utah 1975), wherein we held that a plaintiff is not generally required to exhaust its administrative remedies prior to maintaining an action for declaratory relief. However, these cases are inapposite because neither involved a situation where parties were already involved in a pending adjudicative proceeding. Moreover, Hercules' argument concerning the exhaustion of remedies misses the point; the question before us is whether a party to a formal adjudicative proceeding may collaterally attack an interlocutory order issued therein by filing a separate declaratory judgment action in district court.

¶ 5   Our opinion in *McRae & Deland v. Feltch*, 669 P.2d 404 (Utah 1983), is dispositive of the foregoing issue. In that case, twenty-five plaintiffs who had driving under the influence (DUI) charges pending against them in a justice of the peace court filed an action in district court seeking judgment declaring that the justice of the peace lacked jurisdiction to adjudicate their DUI cases. In affirming the trial court's dismissal of the declaratory judgment action, we stated:

> "Generally, jurisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the commencement of the declaratory action another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the identical issues that are involved in the declaratory action."

*Id.* at 405 (quoting 1 W. Anderson, *Actions for Declaratory Judgments* § 209, at 447 (2d ed. 1951 & Supp.1959)); *see also* 22A Am. Jur.2d *Declaratory Judgments* § 42 (1988). We further noted that the foregoing rule prevents the piecemeal litigation of legal issues in multiple suits. *See McRae & Deland*, 669 P.2d at 405. Thus, because the jurisdictional issue could have been raised and adjudicated in the plaintiffs' pending DUI cases, we affirmed the dismissal of their separate declaratory judgment action. *See id.*

¶ 6   In the instant case, we likewise affirm the trial court's dismissal of Hercules' declaratory judgment action. At the time Hercules commenced this action, it and the Auditing Division were already parties to the adjudicative proceeding pending before the Tax Commission. Not only had an identical issue been raised in that proceeding, but the Tax Commission had already adjudicated that issue. Thus, by filing its declaratory judgment action, Hercules attempted to obtain judicial review of an interlocutory and otherwise unappealable Tax Commission order. As the trial court correctly noted, "[This] attempt to invoke the jurisdiction of th[e] court to seek review of an interlocutory order [was] procedurally improper."

¶ 7   The Administrative Procedures Act provides specific procedures for seeking judicial review of final agency action resulting from formal adjudicative proceedings. Under the Act, judicial review is available by either this court or the court of appeals, depending on which court has appellate jurisdiction over the particular matter. *See* Utah Code Ann. § 63–46b–16. Moreover, such review may only be sought from *final* agency action, meaning that the agency's decision must have fully disposed of the case. *See Sloan v. Board of Review*, 781 P.2d 463, 464 (Utah Ct.App.1989). Accordingly, Hercules could have sought review of the Tax Commission's order denying its motion for a protective order by waiting until the Tax Commission had fully disposed of the case and then sought review by this court. *See* Utah Code Ann. § 78–2–2(3)(e)(ii) (providing that Supreme Court has jurisdiction over "final orders and decrees in formal adjudicative proceedings originating with ... the State Tax Commission").

¶ 8   Hercules contends, however, that if it had sought judicial review of the Tax Commission's order through the foregoing procedures, its alleged right to be free from the Auditing Division's discovery would have already been invaded and "the bell could not thereafter be un-rung." Assuming this to be true, we note that the same would also be true in many other cases. For example, trial courts sometimes err and require litigants to comply with improper discovery requests;

nevertheless, we do not generally permit immediate appeal from such orders. Rather, the litigant must wait until after the entry of final judgment to appeal the issue, which often means that the discovery has already been completed—i.e., "the bell has been rung." We therefore conclude that Hercules' attempt to obtain judicial review of the Tax Commission's order by filing a separate action for declaratory and injunctive relief was procedurally improper.

¶ 9 In closing, we point out that this case aptly demonstrates the rationale behind the rule precluding a separate declaratory judgment action when the same parties are already involved in a separate administrative action or proceeding involving identical issues. If, as Hercules attempted to do, a party could collaterally attack every interlocutory order issued in an adjudicative proceeding by simply filing a separate declaratory judgment action, the litigation resulting from a single case could, in theory, multiply exponentially, going on forever, much like the fictional *Jarndyce and Jarndyce* case.[1]

¶ 10 We affirm the trial court's dismissal of Hercules' complaint; we do not reach Hercules' other argument that our decision in *Beaver County* precluded the Auditing Division from obtaining discovery from the taxpayer in an adjudicative proceeding.

¶ 11 Affirmed.

¶ 12 Associate Chief Justice DURHAM, Justice ZIMMERMAN, Justice RUSSON, and Judge ORME concur in Chief Justice HOWE's opinion.

¶ 13 Justice STEWART does not participate herein; Utah Court of Appeals Judge GREGORY K. ORME sat.

---

1.   *See* Charles Dickens, *Bleak House* 51–55 (Norman Page ed., Penguin Books 1971) (1853).