2001 UT App 138

Tyler W. BLUTH and Heidi T. Orme, husband and wife; Michael Vail, an individual; and Peter Wimbrow, an individual, on behalf of themselves and all others similarly situated, Plaintiffs and Appellants,

v.

TAX COMMISSION, Defendant and Appellee.

No. 20000183–CA.

Court of Appeals of Utah.

April 26, 2001.

Thomas R. Karrenberg, Scott A. Call, and Jon V. Harper, Anderson & Karrenberg, Salt Lake City, and Philip Gordon, Gordon Law Offices Chartered, Boise, ID, for Appellants.

Mark L. Shurtleff, Attorney General, and Clark L. Snelson, Assistant Atty. Gen., Salt Lake City, for Appellee.

Before Judges BENCH, DAVIS, and THORNE.

## OPINION

BENCH, Judge:

¶ 1 Appellants argue the trial court erred in granting Appellee's Motion to Dismiss. The trial court concluded that it lacked jurisdiction because the Utah State Tax Commission (Commission) did not have an opportunity to decide the matter prior to Appellants filing suit in district court. We reverse and remand.

## BACKGROUND

¶ 2 Pursuant to authority granted under Utah Code Ann. §§ 59-1-210, -12-118 (2000), the Commission has promulgated rules relating to provisions of the Sales and Use Tax Act (Sales Tax Act). *See* Utah Code Ann. §§ 59-12-101 to -1302 (2000). Acting pursuant to two such rules, Utah Code Admin. P. R865-19S-33, -62, the Commission directed that amounts paid for annual memberships to discount vendors such as Costco and Sam's Club are taxable under the Sales Tax Act. *See* Utah Tax Bulletin 33-94 (1994). Vendor members are allowed to purchase taxable property or services at a discounted rate from the vendor. Appellants are members of either Costco or Sam's Club and have paid sales tax on their annual membership fees.

¶ 3 Appellants, as class representatives in a class action lawsuit, filed a declaratory judgment action in district court to challenge the legality of R865-19S-33 and R865-19S-62 of the Utah Administrative Code. Appellants contended the membership fees are not taxable under Utah Code Ann. §§ 59-12-102, -103(1)(a), (f) (2000). Upon a motion by the Commission, the trial court dismissed Appellants' complaint after deciding that it did not have subject matter jurisdiction because Article XIII, Section 11 of the Utah Constitution gives the Commission original jurisdiction.

## ISSUE AND STANDARD OF REVIEW

¶ 4 The issue before us is whether the trial court properly dismissed Appellants' complaint for lack of subject matter jurisdiction. We review the trial court's determination for correctness. *See Schwenke v. Smith,* 942 P.2d 335, 336 (Utah 1997).

## ANALYSIS

¶ 5 Article XIII, Section 11(3)(a) of the Utah Constitution states: "The State Tax Commission shall administer and supervise

the tax laws of the State." *Id.* A limitation on the Commission's power is contained in Article XIII, Section 11(5) of the Utah Constitution, which states:

> Notwithstanding the powers granted to the State Tax Commission in this Constitution, the Legislature may authorize any court established under Article VIII to adjudicate, review, reconsider, or redetermine any matter *decided* by the State Tax Commission . . . relating to revenue and taxation as provided by statute.

*Id.* (emphasis added). The trial court focused on the word "decided" in Article XIII, Section 11(5) and concluded in a memorandum decision that "it would be an unconstitutional infringement for the Court in this case to decide these matters in the first instance without allowing the Tax Commission the opportunity to address the issue." On appeal, the Commission argues that prior to seeking judicial review of a rule, Article XIII, Section 11(5) requires a party to bring the issue before the Commission in an adjudicatory proceeding to allow the Commission to decide the matter.

¶ 6 The Administrative Procedures Act does not govern judicial review of agency rules. *See* Utah Code Ann. § 63–46b–1(2)(a) (Supp.2000). The trial court's memorandum decision and the Commission's argument on appeal appear to confuse the distinction between judicial review of Commission adjudicatory decisions and judicial review of Commission rules. In their complaint, Appellants sought judicial review of the legality of two Commission rules. The district court is allowed to review the Commission's rules under Utah Code Ann. § 63–46a–12.1(1)(a) (1997), which states: "Any person aggrieved by a rule may obtain judicial review of the rule by filing a complaint with the county clerk in the district court where the person resides or in the district court in Salt Lake County." *Id.* A district court may therefore review the legality of Commission rules under section 63–46a–12.1 without a prior adjudicatory proceeding by the Commission. When a Commission rule is being challenged on its face, the requirement in Article XIII, Section 11(5) of the Utah Constitution that

the Commission "decide" the "matter" is satisfied at the time the Commission enacts the rule. *Id.* Furthermore, direct judicial review does not violate any other constitutional authority granted to the Commission under Article XIII, Section 11. *See Salt Lake City Corp. v. Property Tax Div. of the Utah State Tax Comm'n,* 1999 UT 41,¶ 21, 979 P.2d 346 (holding that section 63–46a–12.1 of the Utah Code does not violate Article XIII, Section 11 of the Utah Constitution). Although the Utah Supreme Court did not rely on Article XIII, Section 11(5) in *Salt Lake City Corp.,* the court noted that this provision "*could not* change the outcome of our decision." *Id.* at ¶ 18 n. 10 (emphasis added). The supreme court also noted that the purpose of allowing judicial review of Commission rules is to "ensure that the Tax Commission properly applies relevant law and does not act outside its jurisdiction." *Id.* at ¶ 20.

¶ 7 The Commission argues that even if district court review is constitutionally allowed, section 63–46a–12.1 requires Appellants to exhaust their administrative remedies before seeking judicial review. *See* Utah Code Ann. § 63–46a–12.1(2)(b) (1997). The present case, however, is a declaratory judgment action challenging the Commission's very authority to act in this matter. In this jurisdiction, "a plaintiff is not generally required to exhaust its administrative remedies prior to maintaining an action for declaratory relief." *Hercules, Inc. v. Utah State Tax Comm'n,* 1999 UT 12,¶ 4, 974 P.2d 286; *see also Brumley v. Utah State Tax Comm'n,* 868 P.2d 796, 799 (Utah 1993); *Walker Bank & Trust Co. v. Taylor,* 15 Utah 2d 234, 390 P.2d 592, 595 (1964) ("[The exhaustion requirement] does not apply when . . . the administrative officer or body [ ] acts without the scope of . . . its defined statutory authority.").

¶ 8 The Commission further argues that under section 63–46a–12.1, Appellants must show irreparable harm to qualify for an exception to the exhaustion requirement. *See* Utah Code Ann. § 63–46a–12.1(2)(b)(iii) (1997).[1] In *Brumley,* the supreme court

---

1. The other two statutory exceptions to the exhaustion requirement do not apply in this case.

found no error in the trial court's conclusion that a declaratory judgment action satisfied the irreparable harm exception. *See Brumley,* 868 P.2d at 799. *Brumley* upheld the district court's decision to review a case under the irreparable harm exception because the case involved threshold legal questions that "could not have been finally determined by the Commission." *Id.* The present case is a facial challenge to Commission rules alleged to be inconsistent with the relevant statutes. Like *Brumley,* such threshold legal issues could not be avoided in a Commission proceeding and could not be definitively determined by the Commission.[2] *See Thatcher v. Indus. Comm'n,* 115 Utah 568, 574, 207 P.2d 178, 181 (1949) (stating that although agencies must interpret the law, final interpretation is the province of the judiciary). Thus, *Brumley* supports the application of the irreparable harm exception in declaratory judgment actions.

 ¶ 9 Moreover, the irreparable harm exception is particularly suited for the present case given the Commission's threat to subject any taxpayer seeking a refund to a counterclaim hearing to determine whether that taxpayer has failed to pay any use tax in the past. Any use tax not paid would be offset against any refund to which the taxpayer might be entitled. Given the facial challenge to Commission rules, the de minimis amount of money at stake for individual taxpayers,[3] and the threat of counterclaim hearings, exhaustion of administrative remedies in this case would be "futile and useless." *Walker Bank & Trust Co.,* 390 P.2d at 595 (finding exhaustion of administrative remedies not required when there is a facial challenge to scope of agency authority).

## CONCLUSION

¶ 10 We conclude that the trial court erroneously dismissed Appellants' complaint for

lack of jurisdiction. District court review is constitutionally valid, and Appellants are not required to exhaust administrative remedies before bringing this declaratory judgment action. Therefore, we reverse and remand for further proceedings consistent with this opinion.

¶ 11 WE CONCUR: JAMES Z. DAVIS, Judge, WILLIAM A. THORNE, Jr., Judge.

*See* Utah Code Ann. § 63–46a–12.1(2)(b)(i)–(ii) (1997).

2. We are not persuaded by the Commission's attempt to distinguish the present case from *Brumley.* The Commission argues that where *Brumley* involved only legal issues, the present case presents factual issues that require prior determination by the Commission. *Brumley,*

however, also involved factual determinations that the district court left for the Commission to determine after the district court "decid[ed] the legal issues and conclud[ed] that refunds should be paid to class members." *Brumley,* 868 P.2d at 799.

3. Appellants claim that the amount at stake is approximately $2.50 per membership per year.