2002 UT 91

Tyler W. BLUTH and Heidi T. Orme, husband and wife, Michael Vail, an individual, and Peter Wimbrow an individual, on behalf of themselves and all others similarly situated, Plaintiffs and Respondents,

v.

UTAH STATE TAX COMMISSION, Defendant and Petitioner.

No. 20010438.

Supreme Court of Utah.

Aug. 30, 2002.

Thomas R. Karrenberg, Scott A. Call, Jon V. Harper, Salt Lake City, Philip Gordon, Boise, Idaho, for plaintiffs.

Mark L. Shurtleff, Att'y Gen., Clark L. Snelson, Asst. Att'y Gen., Salt Lake City, for defendant.

DURRANT, Associate Chief Justice:

## INTRODUCTION

¶ 1 This case raises the question of whether a district court has subject matter jurisdiction over a challenge to a rule promulgated by the Utah State Tax Commission (the "Commission") when plaintiffs have failed to exhaust administrative remedies within the Commission. The district court dismissed the case for lack of jurisdiction. The court of appeals reversed, concluding that plaintiffs' case was subject to a statutory exception under which exhaustion is not required when it would result in irreparable harm. *Bluth v. Tax Comm'n,* 2001 UT App. 138, 26 P.3d 882. Because we conclude the court of appeals erred in ruling that exhaustion of administrative remedies would irreparably harm plaintiffs, we reverse and remand with instructions that plaintiffs' case be dismissed for lack of jurisdiction.

## BACKGROUND

### I. DISTRICT COURT PROCEEDINGS

¶ 2 The Commission promulgated two rules under which plaintiffs were charged sales tax on membership fees paid to discount vendors. *See Bluth,* 2001 UT App. 138 at ¶ 2 (citing Utah Admin. Code R865–19S–33, –62 (1999)). Plaintiffs filed a class action lawsuit on September 30, 1999, seeking a declaratory judgment that the rules exceeded the Commission's rulemaking authority under the Utah Code. Plaintiffs alternatively claimed that even if the Commission had authority to promulgate the rules, member-

ship fees at discount stores do not fall within the scope of the rules.

¶ 3 On October 21, 1999, the Commission filed a motion to dismiss, claiming that plaintiffs had not exhausted their administrative remedies within the Commission. In particular, the Commission noted that plaintiffs had failed to avail themselves of administrative procedures that permit taxpayers to (1) request a refund for sales tax they believe was collected in error, *see* Utah Code Ann. § 59–12–110(2)(a) (Supp.2001), or (2) petition the Commission to amend or repeal a tax rule, *see id.* § 63–46a–12. The district court granted the Commission's motion to dismiss on the ground that plaintiffs' failure to avail themselves of these administrative remedies deprived the court of subject matter jurisdiction. In reaching this conclusion, the district court relied on Article XIII, Section 11(5) of the Utah Constitution, which provides as follows:

> Notwithstanding the powers granted to the State Tax Commission in this Constitution, the Legislature may authorize any court established under Article VIII to adjudicate, review, reconsider, or redetermine any *matter decided* by the State Tax Commission ... relating to revenue and taxation as provided by statute.

Utah Const. art. XIII, § 11(5) (emphasis added).

¶ 4 Focusing on the "matters decided" language in this constitutional provision, the district court concluded that "it would be an unconstitutional infringement for the Court in this case to decide these matters in the first instance without allowing the Tax Commission the opportunity to address this issue." *Bluth,* 2001 UT App. 138 at ¶ 5. Accordingly, the district court dismissed the case for lack of jurisdiction.

## II. PLAINTIFFS' APPEAL TO THE UTAH COURT OF APPEALS

¶ 5 Plaintiffs filed a notice of appeal on March 2, 2000, and the case was assigned to the Utah Court of Appeals. On April 26, 2001, the court of appeals issued an opinion in which it reversed the district court's conclusion under the Utah Constitution and then concluded that the "irreparable harm" exception to the exhaustion requirement conferred jurisdiction on the district court. *Id.* at ¶¶ 6–10.

¶ 6 In reversing the district court's interpretation of the Utah Constitution, the court of appeals first characterized the taxpayer's challenge to the Commission's rule as being a facial challenge. *Id.* at ¶ 6. Relying on this characterization of plaintiffs' challenge, the court of appeals then concluded that "[w]hen a Commission rule is being challenged on its face, the requirement in Article XIII, Section 11(5) of the Utah Constitution that the Commission 'decide' the 'matter' is satisfied at the time the Commission enacts the rule." *Id.*

¶ 7 Having concluded that the Utah Constitution did not deny the district court jurisdiction over plaintiffs' class action, the court of appeals next addressed the Commission's argument that the district court's ruling could be affirmed on statutory grounds. Specifically, the Commission argued that subsection 63–46a–12.1(2) of the Utah Code requires exhaustion as a prerequisite to judicial review of a Commission rule.[1] *Id.* at ¶ 7. In rejecting the Commission's argument, the court of appeals concluded that immediate judicial review of the rule was permitted under section 63–46a–12.1(2)(b)(iii) of the Utah Code, *id.* at ¶ 8, which excuses a person from exhausting his or her administrative

1. Utah Code Ann. § 63–46a–12.1(2) (1997) provides as follows:
   (a) Except as provided in Subsection (b), a person seeking judicial review [of an administrative rule] under this section shall exhaust his administrative remedies by complying with the requirements of Section 63–46a–12 [for amending or repealing the rule] before filing the complaint.
   (b) When seeking judicial review of a rule, the person need not exhaust that person's administrative remedies if:

(i) less than six months has passed since the date that the rule became effective and the person had submitted verbal or written comments on the rule to the agency during the public comment period;
(ii) a statute granting rulemaking authority expressly exempts rules made under authority of that statute from compliance with Section 63–46a–12; or
(iii) compliance with Section 63–46a–12 would cause the person irreparable harm.

remedies pertaining to a rule when doing so "would cause the person irreparable harm." Utah Code Ann. § 63–46a–12.1(2)(b)(iii) (1997).

¶ 8 The court of appeals concluded that plaintiffs would be irreparably harmed for two reasons. First, the court of appeals observed that *Brumley v. Utah State Tax Commission*, 868 P.2d 796 (Utah 1993), "support[ed] application of the irreparable harm exception in declaratory judgment actions" that "involve[] threshold legal questions that [cannot be] 'finally determined by the Commission.'" *Bluth*, 2001 UT App. 138 at ¶ 8 (quoting *Brumley*, 868 P.2d at 799). The court of appeals reasoned that the rationale underlying *Brumley*'s reliance on the irreparable harm exception applied to the present case. Specifically, the court of appeals explained that the question presented by plaintiffs' declaratory judgment action—whether the Commission validly exercised its rulemaking authority—was a "threshold legal issue [that] could not be avoided in a Commission proceeding and could not be definitively determined by the Commission." *Id.*

¶ 9 Second, the court of appeals concluded that "the irreparable harm exception is particularly suited for the present case given the Commission's threat to subject any taxpayer seeking a refund to a counterclaim hearing to determine whether that taxpayer has failed to pay any use tax in the past."[2] *Id.* at ¶ 9.

¶ 10 The court of appeals also noted that its decision not to require exhaustion was supported by "the de minimis amount of money at stake for individual taxpayers," allegedly $2.50 per membership per year. *Id.* at ¶ 9 n. 3. It reasoned that the de

minimis value of the refunds tended to make exhaustion "futile and useless." *Id.* at ¶ 9.

¶ 11 Having concluded plaintiffs would suffer irreparable harm if required to exhaust their administrative remedies, the court of appeals ruled that plaintiffs need not exhaust their remedies within the Commission. *Id.* at ¶ 10. Accordingly, the court of appeals reversed the district court's dismissal of the case. *Id.*

¶ 12 We granted the Commission's petition for a writ of certiorari on August 15, 2001. We have jurisdiction pursuant to subsection 78–2–2(3)(a) of the Utah Code. Utah Code Ann. § 78–2–2(3)(a) (Supp.2001).

## ANALYSIS

### I. STANDARD OF REVIEW/ISSUE PRESENTED

¶ 13 "When exercising our certiorari jurisdiction, we review the decision of the court of appeals and not that of the trial court." *Longley v. Leucadia Fin. Corp.*, 2000 UT 69, ¶ 13, 9 P.3d 762. "On certiorari, we review the decision of the court of appeals for correctness." *Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 11, 48 P.3d 968.

### II. IRREPARABLE HARM

¶ 14 The court of appeals concluded that plaintiffs were not required to exhaust their administrative remedies under the irreparable harm exception to the exhaustion requirement set forth in section 63–46a–12.1(2)(b)(iii) of the Utah Code. On certiorari, the Commission argues the court of appeals erred in concluding plaintiffs would suffer "irreparable harm" if required to exhaust

---

2. Although the court of appeals did not specify the context of the Commission's "threat," plaintiffs' brief indicates it occurred before the district court during a hearing on the Tax Commission's motion to dismiss. During this hearing, counsel for the Tax Commission indicated that whether the taxpayers pursued their claims for a tax refund administratively or in district court, the Commission would attempt to recover other taxes the taxpayers may owe:

> [If administrative procedures are followed,] each of these individuals would have to come in and have some type of a hearing to establish the individual amounts that they're entitled to. The Tax Commission is entitled to offset, be-

fore refund, any other taxes owed. It is my assertion and if this case moves forward it will be our counterclaim that the Tax Commission is entitled to a counterclaim against every claimant for any use tax that is not paid by them. Every time you buy something from Land[']s End or another catalog or over the internet, bring that into the State without paying the tax you're liable for use tax on that. If they haven't paid that use tax we're entitled to an offset for any amounts that they've purchased and ... there's no statute of limitations. We can go back as far as we can obtain records to determine what those amounts are and we're entitled to that offset.

their administrative remedies.[3] We agree. None of the reasons cited by the court of appeals supports the conclusion that exhaustion would irreparably harm plaintiffs.

### A. The Threshold Legal Question Might Be Avoided By The Commission

¶ 15 The court of appeals concluded that exhaustion is not required in this case because the Commission could not avoid or finally determine the threshold legal issues. *Bluth*, 2001 UT App. 138 at ¶ 8. We disagree.

¶ 16 The issue of whether the rules exceeded the Commission's rulemaking authority might have been avoided if plaintiffs had pursued their administrative remedies within the Commission. Specifically, under the administrative procedures, the Commission has authority to amend or repeal the challenged rule in a manner that would moot and avoid plaintiffs' claims. Indeed, the Commission could have mooted plaintiffs' claims pursuant to section 63–46a–12 of the Utah Code, which states as follows:

(1) An interested person *may petition an agency requesting the making, amendment, or repeal of a rule.*

(2) The division shall prescribe by rule the form for petitions and the procedure for their submission, consideration, and disposition.

(3)A statement shall accompany the proposed rule, or amendment or repeal of a rule, demonstrating that the proposed ac-

tion is within the jurisdiction of the agency and appropriate to the powers of the agency.

(4) *Within 30 days* after submission of a petition, the agency *shall* either deny the petition in writing stating its reasons for the denial, or initiate rulemaking proceedings in accordance with Section 63–46a–4.

Utah Code Ann. § 63–46a–12 (2001) (emphasis added).

¶ 17 Requiring exhaustion might have permitted the Commission to avoid this issue in another way. Specifically, plaintiffs raised an alternative claim (i.e., that even if the Commission had authority to promulgate the rules, membership fees do not fall within the scope of the rules) that could have been resolved administratively and thereby obviated the need to address plaintiffs' facial challenge to the rule. *See Nebeker v. Utah State Tax Comm'n*, 2001 UT 74, ¶¶ 16–17, 34 P.3d 180 (requiring exhaustion because it would give the Commission the opportunity to address plaintiffs' alternative non-constitutional claims and thereby potentially avoid the need to address plaintiffs' constitutional claims).[4] Plaintiffs' alternative claim challenges the Commission's application of its own rules, the sort of question ideally suited to resolution by the Commission. Accordingly, we conclude that *Brumley* and related case law does not support the court of appeals' conclusion that plaintiffs would be irreparably

---

**3.** The Commission also argues that prior to seeking judicial review of a rule, the "matters decided" language of Article XIII, Section 11(5) of the Utah Constitution requires a party to first bring the issue before the Commission to decide the matter. We need not reach this constitutional question, however, because we conclude that exhaustion is required on statutory grounds. Specifically, we conclude that because the "irreparable harm" exception to the exhaustion requirement does not apply, plaintiffs are required to exhaust their administrative remedies within the Commission.

**4.** In *Nebeker*, the Utah State Tax Commission determined that Nebeker was deficient in payment of the Utah Special Fuel Tax and imposed a twelve percent interest rate on the amount he owed. *Id.* at ¶ 1. Nebeker filed suit alleging that the 12% interest rate violated the Utah Constitution. We explained that while " 'administrative

agencies do not generally determine the constitutionality of their organic legislation, . . . the mere introduction of a constitutional issue does not obviate the need for exhaustion of administrative remedies' " because the Commission's decision in the administrative proceeding could avoid and moot the constitutional issue. *Id.* at ¶ 16 (quoting *Johnson v. Utah State Ret. Office*, 621 P.2d 1234, 1237 (Utah 1980)). We further explained that had Nebeker petitioned for a redetermination of his deficiency, the Tax Commission, pursuant to the Administrative Procedures Act, could have determined that the interest rate was unwarranted. If the Tax Commission agreed with Nebeker's claim, and redetermined Nebeker's taxation, the twelve percent interest rate would have been inapplicable. *Id.* at ¶ 17. Therefore, Nebeker could have avoided the constitutional questions if he had sought administrative review of his non-constitutional claims. *Id.*

harmed if required to exhaust their administrative remedies.

### B. The Commission's Declared Intent To Offset Overdue Use Taxes Owed Against Any Refund Of Sales Tax Does Not Support Application Of The Irreparable Harm Exception

¶ 18 The court of appeals also reasoned that "the irreparable harm exception is particularly suited for the present case given the Commission's threat to subject any taxpayer seeking a refund to a counterclaim hearing to determine whether that taxpayer has failed to pay any use tax in the past." *Bluth*, 2001 UT App. 138 at ¶ 9. We disagree.

¶ 19 To begin with, the Commission's statement was not the kind of "threat" that supports the application of the irreparable harm exception. Rather, the Commission is statutorily required to offset any overpayment of tax against other taxes due from the taxpayer. Specifically, subsection 59–12–110(2)(a) of the Utah Code states as follows:

> If a taxpayer pays a tax, penalty, or interest more than once or the commission erroneously receives, collects, or computes any tax, penalty, or interest, including an overpayment described in Subsection (1)(c), the commission shall: (i) credit the amount of tax, penalty, or interest paid by the taxpayer against any amounts of tax, penalties, or interest the taxpayer owes; and (ii) refund any balance to the taxpayer. . . .

Utah Code Ann. § 59–12–110(2)(a) (2000). Thus, the Commission's declared intent to offset the refund is merely a procedural requirement.

¶ 20 Second, the Commission indicated that it would attempt to offset any refund whether plaintiffs pursued their claims for a tax refund administratively or in district court. Therefore, requiring exhaustion would place no additional burden on plaintiffs.

### C. The De Minimis Amount Of Money At Stake For Each Taxpayer Does Not Relieve Plaintiffs Of Their Obligation To Exhaust Their Administrative Remedies

■ ¶ 21 We likewise reject the notion that the de minimis amount of money at stake for each taxpayer (i.e., approximately $2.50 a year per membership) supports the conclusion that the irreparable harm exception to the exhaustion requirement is applicable. The court of appeals did not elaborate on this point and plaintiffs cite no legal authority, nor are we aware of any, that supports the proposition that when de minimis amounts of money are at stake, irreparable harm would result if exhaustion were required. We therefore reject plaintiffs' argument as inadequately briefed, researched, and presented. *State v. Lusk*, 2001 UT 102, ¶ 34, 37 P.3d 1103.

¶ 22 Moreover, we do not believe that the de minimis amounts of plaintiffs' potential refunds would reduce their incentive to individually seek a refund to the point that they would be irreparably harmed. A taxpayer requesting a refund at the administrative level can do so with little burden. According to the Commission, a hearing can be conducted and a taxpayer may receive a refund in a timely manner. There is no filing fee and a taxpayer can seek a refund pro se. Accordingly, plaintiffs would not suffer irreparable harm by satisfying their obligation to exhaust.[5]

### CONCLUSION

¶ 23 The court of appeals erred in concluding that plaintiffs were not required to exhaust their administrative remedies because they would suffer irreparable harm. Plaintiffs would not suffer irreparable harm because (A) the Commission had the authority to make a final determination regarding the issues presented before it, (B) offsetting overdue taxes is statutorily required, and (C) there has been no demonstration that when

---

5. Plaintiffs also assert in their brief that they "might" lose the right to reimbursement of a portion of the overpayment if required to exhaust their administrative remedies because of the three-year statute of limitations. They offer no legal argument in support of this assertion, however. The issue is therefore inadequately briefed, and we decline to address it. *Lusk*, 2001 UT 102 at ¶ 34.

de minimis amounts of money are at stake requiring exhaustion would result in irreparable harm. Accordingly, we reverse and remand with instructions that plaintiffs' case be dismissed for lack of subject matter jurisdiction.

¶ 24 Chief Justice DURHAM, Justice HOWE, Justice RUSSON, and Justice WILKINS concur in Associate Chief Justice DURRANT'S opinion.